**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| RAYFIELD RANSOM, : | |
|     Plaintiff, : | |
| vs. : | 1:05-CV-43 (WLS) |
| STATE OF GEORGIA, ET. AL., : | |
|     Defendants. : | |

## ORDER

Presently pending before the Court are numerous motions filed by the parties. Defendant State of Georgia ("Georgia") has filed a motion to dismiss (Tab 6) and an amended motion to dismiss. (Tab 43). Plaintiff has filed a motion to amend the complaint (Tab 10), and two motions for a hearing on the motions to dismiss filed by Defendants. (Tab 42, 51). Defendants James Matthew Holman and Grady Holman, Jr. ("Holman") have filed a joint motion to dismiss. (Tab 27). For the following reasons, Defendants motions to dismiss (Tabs 27, 43) are **GRANTED** and Georgia's motion to dismiss (Tab 6) is DENIED as moot. Plaintiff's motion to amend (Tab 10) and motions for a hearing (Tabs 42, 51) are **DENIED as moot.**

## DISCUSSION

The case involves the Georgia state courts' decision to equitably divide property owned by Ransom and James Matthew Holman. See, Ransom v. Holman, 279 Ga. 63 (2005). Ransom filed a statutory partitioning proceeding against James Matthew Holman and Grady Holman. Ransom alleged that he was tenant in common and owned a certain percentage of the property in question. Ransom, 279 Ga. at 64. The Holmans counterclaimed alleging that Matthew Holman owned a greater percentage and asked for an accounting. Id. The Superior Court held a hearing and found that dividing the property

would devalue each part and the whole.  The trial court ordered that a receiver be appointed and an accounting be had.  Id.  The trial court did not decide whether one or more of the deeds were invalid or the interest the parties had in the property.  These issues were left to be decided by a trial.  Ransom appealed the trial court' initial ruling and the Georgia Supreme Court affirmed.  Id. at 65.

Ransom filed the instant action pursuant to 42 U.S.C. § 1983 and the Fourteenth Amendment alleging that the State of Georgia has somehow acted unconstitutionally in ordering the property to be sold and the proceeds turned over to a receiver.  Plaintiff also sued the Holmans.  (Tab 1).  It is unclear whether Plaintiff is suing a particular state official, judge, or the state in general.[1]  Ransom alleges that one or more of the Holmans forged a deed or other writing related to the property.  (Tab 1).  In his request for relief Ransom asks this Court to declare the actions of the State and the Early County Superior to be violative of his due process rights.

The State filed a motion to dismiss based on failure to perfect service.  (Tab 6).  The Court provided Ransom actual notice of the motion and ordered him to respond.  (Tab 7).  Ransom responded by filing a motion to amend and by filing a timely formal response to the motion.  (Tabs 10, 11, 24).  Plaintiff's amended complaint seeks to change the style of the case, but nothing further.

The Holman Defendants also filed a motion to dismiss.  (Tab 27).  The Holmans argue the complaint should be dismissed because this Court lacks jurisdiction based on the Rooker-Feldman doctrine and Anti-Injunction Act.  Also, Defendants argue that the Court lacks subject matter jurisdiction because Plaintiff cannot establish a federal question violation. Further, Defendants argue that Plaintiff's complaint fails to state a claim under Fed.R.Civ.Pro. 12(b)(6) and is barred by the doctrines of *res judicata* and collateral

---

[1]. Ransom has attempted to serve, among others,  the Attorney General and the Clerk of Early Superior Court.

estoppel.  As with Georgia's motion to dismiss, Plaintiff was provided with actual notice and ordered to file a response. (Tab 31).  Georgia amended its motion to dismiss by adding grounds that the Court lacked subject matter jurisdiction and for failure to state a claim. (Tab 43).  Ransom filed a timely response to the Holams' motion to dismiss and to Georgia's amended motion.  (Tabs 35, 48).

The Court notes that a motion to dismiss should not be granted unless it is clear from the pleadings that the plaintiff can prove no set of facts that would support his claim for relief.  Brooks v. Blue Cross & Blue Shield, 116 F.3d 1364, 1369 (11th Cir. 1997).  Such motions are viewed with disfavor and rarely granted.  Brooks, 116 F.3d at 1369.  This Court is required to accept well pled allegations as true and is required to draw all inferences in favor of the Plaintiff.

At the time Georgia filed its original motion to dismiss, the record is clear that Georgia had not been properly served. Apparently no summons was ever issued and the complaint was not properly served on the Attorney General's Office.  Since the filing of the motion, Plaintiff caused a summons to issue to the Governor.  (Tab 22).  The record further shows an executed return of service that appears to be valid.  (Tab 34).  Assuming without deciding whether Georgia was properly served, the Court will address Georgia' and the Holmans' other grounds for dismissal.

The Rooker-Feldman doctrine is based on the holdings in Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476-82 (1983).  The doctrine limits a federal court's subject matter jurisdiction to prevent the court from engaging in essentially the appellate review of a state court proceeding.  In this case, Plaintiff is essentially asking this Court to vacate the decision of the Superior Court of Early County and the Georgia Supreme Court in this land dispute case.  Even though Plaintiff alleges these decisions somehow impact upon his federal constitutional rights, it would still require this Court to violate the Rooker-Feldman doctrine

by reviewing the actions of the Georgia state courts.[2]  Therefore, Defendants motion to dismiss the complaint for lack of subject matter jurisdiction (Tab 27, 43) is **GRANTED.**[3]  Georgia's motion to dismiss for failure to perfect service (Tab 6) is **DENIED as moot.**  Ransom's motion to amend the complaint (Tab 10) and motions for a hearing (Tabs 42, 51) are **DENIED as moot.**

   **SO ORDERED**, this   6th   day of December, 2005.

                                    /s/W. Louis Sands
                                    **W. LOUIS SANDS, CHIEF JUDGE**
                                    **UNITED STATES DISTRICT COURT**

---

   [2].  Though not pointed out by any of the parties, the Georgia Supreme Court opinion makes it clear that there has been no decision as to the exact nature of the interest of the parties to the land in question, or the proceeds of the sale.  The Supreme Court specifically said this issue was "reserved by the trial court for later determination." Ransom v. Holman, 279 Ga. 63, 64 (2005).  To the extent that Ransom complains about forged documents or other evidentiary problems, these issues have yet to be addressed by the state trial court.

   [3].  As the Court finds that it lacks subject matter jurisdiction based on the Rooker-Feldman doctrine, there is no need to address Defendants alternate grounds for dismissal.